IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| DONALD ELLIS, #1067305, Petitioner, | : : : : | PETITION FOR MANDAMUS 28 U.S.C. § 1361 |
| v. | : : | CIVIL ACTION NO. 1:15-CV-715-TWT-ECS |
| UNNAMED RESPONDENT, Respondent. | : : | |

_____   _____

| | | |
|---|---|---|
| LEE D. CRAYTON, #918103, Petitioner, | : : : : | PETITION FOR MANDAMUS 28 U.S.C. § 1361 |
| v. | : : | CIVIL ACTION NO. 1:15-CV-716-TWT-ECS |
| UNNAMED RESPONDENT, Respondent. | : : | |

**FINAL REPORT AND RECOMMENDATION AND ORDER**

Texas state inmates Donald Ellis[1] and Lee Crayton[2] are prolific filers of federal lawsuits.  See www.pacer.gov (last viewed March

---

[1] In the -715 case, the "Application for Writ of Mandamus" is signed by "Donald Ellis," while the return address on the envelope used to submit that Application lists "Edward Fansler" as the sender.  Compare [-715 Doc. No. 1 at 3] with [-715 Doc. No. 1-3 at 2].  For purposes of this Final Report and Recommendation and Order, Mr. Ellis is treated as the filer.  If Mr. Fansler wishes to proceed in his own name, he must do so in a separate action.

[2] In the -716 case, the "Application for Writ of Mandamus" is signed by "Lee D. Crayton," while the return address on the envelope used to submit that Application lists "David McBrewer" as the sender.  Compare [-716 Doc. No. 1 at 2] with [-716 Doc. No. 1-3 at 2].  For purposes of this Final Report and Recommendation and Order, Mr. Crayton is treated as the filer. If Mr. Fansler wishes to proceed in his own name, he must do so in a separate action.

12, 2015; searched for "Ellis, Donald" and "Crayton, Lee"). Mr. Ellis and Mr. Crayton have now filed in this Court substantially identical applications for writs of mandamus (the "Applications"). See [-715 Doc. No. 1]; [-716 Doc. No. 1]. For the following reasons, the undersigned **RECOMMENDS** that Mr. Crayton's Application be **DISMISSED WITHOUT PREJUDICE** because he is ineligible to proceed in forma pauperis ("IFP") and that Mr. Ellis's Application be **DISMISSED** for failure to state a claim upon which relief may be granted.

Mr. Crayton has accumulated "three strikes" for purposes of 28 U.S.C. § 1915(g). See, e.g., Crayton v. Solis, No. 1:14-MC-1198 (D.D.C. Oct. 29, 2014). Section 1915(g) applies to mandamus actions. See, e.g., In re Kissi, 652 F.3d 39, 40 (D.C. Cir. 2011). Because Mr. Crayton has not credibly alleged that he is in "imminent danger of serious physical harm," 28 U.S.C. § 1915(g), this Court should deny him permission to proceed IFP and dismiss the case without prejudice. See generally Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002).

Because Mr. Ellis does not yet appear to have accumulated three strikes for purposes of § 1915(g), this Court must screen his Application to determine whether it is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915A. Federal courts may issue writs of mandamus "to compel an

officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. Mandamus relief is "an extraordinary remedy which should be utilized only in the clearest and most compelling of cases." Cash v. Barnhart, 327 F.3d 1252, 1257 (11th Cir. 2003). Thus, a writ of mandamus may issue only if "(1) the [applicant] has a clear right to the relief requested; (2) the [respondent] has a clear duty to act; and (3) no other adequate remedy is available." Id. at 1258 (internal quotation marks omitted).

    Mr. Ellis demands that Assistant United States Attorney Thomas Krepp be ordered to summon him as a "crime-victim" witness in United States v. Shabazz, No. 1:13-CR-441-TCB-ECS (N.D. Ga. filed Nov. 6, 2013). See [-715 Doc. No. 1 at 1]. Assuming purely for the sake of discussion that Mr. Ellis might plausibly be called as a witness, Mr. Krepp possesses broad discretion to chose how to proceed with the prosecution. See generally United States v. Goodwin, 457 U.S. 368, 382 (1982) ("A prosecutor should remain free before trial to exercise the broad discretion entrusted to him to determine the extent of the societal interest in prosecution."). Mr. Ellis has neither alleged facts that would demonstrate that he has a "clear right" to be called as a witness, nor has he alleged facts that would demonstrate that Mr. Krepp has a "clear duty" to call him as a witness. Thus, Mr. Ellis's application for a writ of

3

mandamus does not meet the requirements set forth in <u>Cash</u> and fails to state a claim upon which relief might be granted.

Solely for the purpose of dismissal, Mr. Ellis is **GRANTED** permission to proceed IFP.

The Clerk is **DIRECTED** to terminate the referral of these cases to the undersigned.

**SO RECOMMENDED, ORDERED, AND DIRECTED,** this 17th day of March, 2015.

*S/ E. Clayton Scofield III*
E. CLAYTON SCOFIELD III
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)

```
                IN THE UNITED STATES DISTRICT COURT
               FOR THE NORTHERN DISTRICT OF GEORGIA
                          ATLANTA DIVISION

DONALD ELLIS,                    :   PETITION FOR MANDAMUS
#1067305,                        :   28 U.S.C. § 1361
      Petitioner,                :
                                 :
      v.                         :   CIVIL ACTION NO.
                                 :   1:15-CV-715-TWT-ECS
UNNAMED RESPONDENT,              :
      Respondent.                :
_____      _____

LEE D. CRAYTON,                  :   PETITION FOR MANDAMUS
#918103,                         :   28 U.S.C. § 1361
      Petitioner,                :
                                 :
      v.                         :   CIVIL ACTION NO.
                                 :   1:15-CV-716-TWT-ECS
UNNAMED RESPONDENT,              :
      Respondent.                :
```

### ORDER FOR SERVICE OF REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Attached is the report and recommendation of the United States Magistrate Judge in this action in accordance with 28 U.S.C. § 636(b)(1) and this Court's Civil Local Rule 72. Let the same be filed and a copy, together with a copy of this Order, be served upon counsel for the parties.

Pursuant to 28 U.S.C. § 636(b)(1), each party may file written objections, if any, to the report and recommendation within fourteen (14) days of service of this Order. Should objections be filed, they shall specify with particularity the alleged error or errors made (including reference by page number to the transcript if applicable) and shall be served upon the opposing party. The

party filing objections will be responsible for obtaining and filing the transcript of any evidentiary hearing for review by the District Court.  If no objections are filed, the report and recommendation may be adopted as the opinion and order of the District Court and any appellate review of factual findings will be limited to a plain error review.  United States v. Slay, 714 F.2d 1093 (11th Cir. 1983).

The Clerk is **DIRECTED** to submit the report and recommendation with objections, if any, to the District Court after expiration of the above time period.

**SO ORDERED,** this 17th day of March, 2015.

*S/ E. Clayton Scofield III*
E. CLAYTON SCOFIELD III
UNITED STATES MAGISTRATE JUDGE

2

AO 72A
(Rev.8/82)